IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NEMIAS CINTORA-GONZALEZ, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:12-CR-0078-ODE-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:15-CV-2349-ODE-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Nemias Cintora-Gonzalez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 318], the government's response, [Doc. 323], and Cintora-Gonzalez's traverse, [Doc. 340]. For the reasons that follow, it is **RECOMMENDED** that Cintora-Gonzalez's § 2255 motion be denied.

**I. PROCEDURAL HISTORY**

A federal grand jury in the Northern District of Georgia returned a nine count indictment against Cintora-Gonzalez and five co-defendants, charging Cintora-Gonzalez in Count One with conspiracy to distribute at least 500 grams of methamphetamine and at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), and (b)(1)(A)(ii); in Count Two with possession with intent

to distribute cocaine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Three with possession with intent to distribute methamphetamine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Four with possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and 2; in Count Six with possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2); and in Count Eight with possession of counterfeit federal reserve notes, in violation of 18 U.S.C. § 472. [Doc. 49]. Cintora-Gonzalez pleaded not guilty, [Doc. 76], and proceeded to a four-day jury trial represented by court-appointed counsel Sandra Louise Michaels ("Michaels"), [Docs. 78, 171-74, 280-83]. The jury found Cintora-Gonzalez guilty of all counts and further specifically found that Count One involved at least 500 grams of methamphetamine and at least 5 kilograms of cocaine. [Doc. 176]. At sentencing, the Court

> found that Cintora-Gonzalez's base offense level for the drug offenses was 34 given the amount of drugs involved, that he served as the leader of the charged conspiracy, and that he maintained a premises for distributing drugs. With respect to the § 922(g) offense, the court found that he possessed 17 firearms. His corresponding guidelines range was 292 to 365 months' imprisonment for the drug offenses, the § 922(g) offense, and the counterfeiting offense. Count 4, the § 924(c) offense, carried a consecutive statutory mandatory minimum sentence of 60 months' imprisonment. The court sentenced him to a total sentence of

352 months, which resulted from a sentence at the low end of the guidelines range plus a mandatory 60 month term on Count 4.

United States v. Cintora-Gonzalez, 569 F. App'x 849, 851 (11th Cir. 2014) (per curiam).

Cintora-Gonzalez, still represented by Michaels, appealed, arguing that: (1) the Court erred by allowing testimony that Cintora-Gonzalez planned to kill someone who owed him money for drugs; (2) the Court erred by denying Cintora-Gonzalez any points for acceptance of responsibility when he admitted all the elements of each count and entered into trial stipulations and where his only argument concerned the amount of drugs; (3) the Court erred when it found Cintora-Gonzalez responsible for the guns found in the trunk of a co-defendant's car and increased his base offense level by four points pursuant to U.S.S.G. § 2K2.1(b)(1)(B); (4) the Court erred by relying solely on the agents' interpretation of wiretap calls to determine relevant conduct at sentencing and by not making specific individualized fact findings as to the amount of drugs; (5) the Court erred by applying a two-point enhancement for maintaining a premise for the purpose of manufacturing or distributing a controlled substance pursuant to U.S.S.G. § 2D1.1(b)(12); and (6) Cintora-Gonzalez's sentence was unreasonable. Br. of Appellant at 7-22, Cintora-Gonzalez, 569 F. App'x 849 (No. 13-13157-B), 2013

3

WL 5958826, at *7-22. On June 24, 2014, the Eleventh Circuit affirmed Cintora-Gonzalez's convictions and sentence. Cintora-Gonzalez, 596 F. App'x at 859.

On June 10, 2015, Cintora-Gonzalez timely submitted this pro se § 2255 motion, arguing that: (1) Michaels provided him ineffective assistance by failing to properly advise him regarding the sentencing benefits to pleading guilty versus going to trial and by advising him to take the drug quantity disagreement to trial, rather than procuring a favorable plea agreement that would have allowed him to dispute drug quantity "at an appropriate evidentiary hearing" and would have resulted in a lower sentence; (2) Michaels was also ineffective for failing to argue that the four-level enhancements he received under § 2K2.1(b)(1)(B) for possessing between eight and twenty-four guns and under U.S.S.G. § 3B1.1(a) for being an organizer/leader, as well as the drug quantity used to determine his base offense level under U.S.S.G. § 2D1.1(c)(3), were elements of the offense that, pursuant to Alleyne v. United States, 133 S. Ct. 2151 (2013), should have been found by a jury; and (3) his due process rights were violated when these sentencing guidelines determinations were not made by a jury. [Doc. 318-1 at 3-9]. The government responds that all of Cintora-Gonzalez's claims lack merit. [Doc. 323]. Cintora-Gonzalez replies, reasserting the merits of his grounds for relief. [Doc. 340].

4

## II.  DISCUSSION

### A.  Legal Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged.

5

However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . .") (citation omitted). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden.").

Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate

prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

**B.      Ground One: Counsel's Assistance with Decision to Proceed to Trial**

Cintora-Gonzalez contends that Michaels provided him ineffective assistance by failing to properly advise him regarding the sentencing benefits of pleading guilty versus going to trial and by advising him to take the drug quantity disagreement to trial, rather than procuring a favorable plea agreement that would have allowed him to dispute drug quantity "at an appropriate evidentiary hearing" and would have resulted in a lower sentence. [Doc. 318-1 at 3-5]. Cintora-Gonzalez maintains that, had he pleaded guilty while "still disputing the drug amounts," he would have received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. [Id. at 5].

Defense counsel renders ineffective assistance by providing defendant incompetent advice regarding whether to plead guilty or to proceed to trial. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). In order to establish prejudice based on a rejected plea offer:

7

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court ( i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 1385. A defendant's "after the fact [statement] concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Diaz, 930 F.2d at 835.

Assuming, without deciding, that Michaels provided Cintora-Gonzalez incompetent advice regarding his decision to stand trial rather than plead guilty, ground one fails because Cintora-Gonzalez cannot show prejudice. The record shows that Michaels pursued plea negotiations with the government but that those negotiations were unsuccessful because the parties could not agree as to the drug quantity for which Cintora-Gonzalez should be held responsible. [Doc. 284 at 47-52]. Specifically, the government insisted both that Cintora-Gonzalez plead guilty to Count One, which carried a ten-year mandatory minimum sentence based on the specific drug amount alleged in the indictment, and that Cintora-Gonzalez agree to a base offense level of 34. [Id.]. Thus, in order to plead guilty, Cintora-Gonzalez would have been

8

required to admit the drug quantities alleged in Count One, i.e., at least 500 grams of methamphetamine and at least 5 kilograms of cocaine, which increased his maximum statutory penalty from twenty years to life imprisonment.  See 21 U.S.C. §§ 841(b)(1)(A)(ii) and (b)(1)(A)(viii); United States v. Oliver, 544 F. App'x 858, 860 (11th Cir. 2013) (per curiam) ("[T]he specific quantity of drugs for which a defendant is accountable . . . become[s] an element of a drug conviction [when] it is used to sentence the defendant beyond the statutorily prescribed maximum penalty for the smallest detectable quantity. . . . In the context of a guilty plea, such an element may be established when the defendant admits the facts in question." (citations omitted)). Because Cintora-Gonzalez would not admit to the drug amount insisted upon by the government, see [Doc. 176 at 1; Doc. 283 at 107; Doc. 318-1 at 3], his only option was to proceed to trial. See United States v. Segura, 209 F. App'x 128, 136 (3d Cir. 2006) ("[T]o consummate a plea bargain, it takes two to tango, and there is no reason to believe that the Government wanted to dance.").

Furthermore, Cintora-Gonzalez's assertion that, had he pleaded guilty without admitting to a specific drug quantity, he would have received a three-level acceptance of responsibility reduction and a lesser sentence is unsupported by the record. The Court's stated reasons for not granting Cintora-Gonzalez this reduction were:

9

(1) Cintora-Gonzalez did not "truthfully" admit relevant conduct and the conduct comprising the offenses of conviction when he went to trial "just for purposes of establishing a lower drug amount"; and (2) there was no evidence that Cintora-Gonzalez was "remorseful" for his conduct. [Doc. 284 at 61-64]. There is nothing in the record to indicate that the Court would have granted this reduction had Cintora-Gonzalez pleaded guilty while still disputing the drug amount. "Generally, a defendant who pleads guilty but contests the drug quantity is not entitled to a reduction under § 3E1.1." Cintora-Gonzalez, 569 F. App'x at 856. Furthermore, even if the Court would have granted Cintora-Gonzalez the two-level reduction under § 3E1.1(a) had he pleaded guilty, the additional one-level reduction under § 3E1.1(b) "may be granted only on formal motion by the government at the time of sentencing '[b]ecause the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial.'" United States v. Wade, 458 F.3d 1273, 1282 (11th Cir. 2006) (quoting § 3E1.1, cmt. n.6).

The record also does not support a finding that the Court would have imposed a lesser sentence on the drug conspiracy count had Cintora-Gonzalez pleaded guilty. As to that count, the Court imposed a sentence of 292 months of imprisonment. [Doc. 241]. Cintora-Gonzalez had a total offense level of 40 and criminal history category

10

I.  [Doc. 284 at 72-73].  Had the Court granted Cintora-Gonzalez a two-level acceptance of responsibility adjustment, the 292-month sentence would still have been within the resulting guidelines range of 235 to 293 months.  See U.S.S.G., Sentencing Table.  The Court expressly stated that Cintora-Gonzalez's sentence was appropriate "given the gravity of the offense conduct" and further stated that "[t]he sentence needs to be high enough to incapacitate [Cintora-Gonzalez]" and "to serve as a deterrent to others."  [Doc. 284 at 81-82].  Because Cintora-Gonzalez's assertion that he would have received a lesser sentence had he pleaded guilty is pure speculation, he "has not met his burden of showing a reasonable probability that the result would have been different but for the error; he has not met his burden of showing prejudice."  United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005).  Thus, he is not entitled to relief on ground one.

**C.   *Alleyne* Grounds Two and Three**

Cintora-Gonzalez next asserts that Michaels was also ineffective for failing to argue that the four-level enhancements Cintora-Gonzalez received under § 2K2.1(b)(1)(B) for possessing between eight and twenty-four guns and under § 3B1.1(a) for being an organizer/leader, as well as the drug quantity used to determine his base offense level under § 2D1.1(c)(3), were elements of the offense that, pursuant

11

to Alleyne v. United States, 133 S. Ct. 2151 (2013), should have been found by a jury, and he further argues that his due process rights were violated when these sentencing guidelines determinations were not made by a jury. [Doc. 318-1 at 5-9].

The Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed **statutory maximum** must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (emphasis added). Alleyne extended that holding to "any fact that increases the **mandatory minimum**." Id., 133 S. Ct. at 2155 (emphasis added). These holdings do "not disturb judicial fact findings at sentencing for facts that do not impact the statutory punishment." United States v. Charles, 757 F.3d 1222, 1225 (11th Cir. 2014) (citing Alleyne, 133 S. Ct. at 2163). "Accordingly, a district court may continue to make guidelines calculations based upon judicial fact findings and may enhance a sentence–so long as its findings do not increase the statutory maximum or minimum authorized by facts determined in a guilty plea or jury verdict." Id. (citations omitted).

The jury found Cintora-Gonzalez responsible for at least 500 grams of methamphetamine and at least 5 kilograms of cocaine. [Doc. 176 at 1-2]. This triggered the statutory maximum penalty of life imprisonment and the 10-year

mandatory minimum. See §§ 841(b)(1)(A)(ii) and (b)(1)(A)(viii). The jury also found Cintora-Gonzalez guilty on Count Four, [Doc. 176 at 2], which subjected him to a five-year consecutive mandatory minimum sentence, 18 U.S.C. § 924(c)(1)(A)(i). Because the jury's findings triggered the statutory maximum and minimum penalties, the Court "did not err by relying on the additional drug quantity in order to impose a sentence within the predetermined statutory parameters." United States v. Son, 553 F. App'x 949, 954-55 (11th Cir.) (per curiam), cert. denied, 135 S. Ct. 188 (2014). Similarly, the Court's imposition of four-level enhancements under both § 2K2.1(b)(1)(B) and § 3B1.1(a) affected only Cintora-Gonzalez's guidelines calculation and not his statutory minimum or maximum. Accordingly, Cintora-Gonzalez's reliance on Alleyne to challenge these findings "is misplaced." Charles, 757 F.3d at 1225-26. Because there was no error under Alleyne, counsel's failure to raise this meritless issue "cannot constitute ineffective assistance of counsel." Owen v. Sec'y for Dep't of Corr., 568 F.3d 894, 915 (11th Cir. 2009) (citations omitted). Accordingly, Cintora-Gonzalez is also not entitled to relief on grounds two and three.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit

AO 72A
(Rev.8/82)

or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Cintora-Gonzalez's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 318], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**IT IS SO RECOMMENDED**, this 23rd day of November, 2015.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE