IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NEMIAS CINTORA-GONZALEZ, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:12-CR-0078-ODE-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:15-CV-2349-ODE-RGV |

## ORDER

This matter is currently before the Court on Nemias Cintora-Gonzalez's objections [Doc. 356] to the Final Report and Recommendation ("R&R") issued by Magistrate Judge Russell G. Vineyard [Doc. 345], which recommends that Cintora-Gonzalez's 28 U.S.C. § 2255 motion be denied. In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal

quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

A federal grand jury in the Northern District of Georgia returned a nine count indictment against Cintora-Gonzalez and five co-defendants, charging Cintora-Gonzalez in Count One with conspiracy to distribute at least 500 grams of methamphetamine and at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), and (b)(1)(A)(ii); in Count Two with possession with intent to distribute cocaine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Three with possession with intent to distribute methamphetamine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Four with possession

of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and 2; in Count Six with possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2); and in Count Eight with possession of counterfeit federal reserve notes, in violation of 18 U.S.C. § 472. [Doc. 49]. Cintora-Gonzalez pleaded not guilty [Doc. 76], and proceeded to a four-day jury trial represented by court-appointed counsel Sandra Louise Michaels ("Michaels") [Docs. 78, 171-74, 280-83]. The jury found Cintora-Gonzalez guilty of all counts and further specifically found that Count One involved at least 500 grams of methamphetamine and at least 5 kilograms of cocaine. [Doc. 176]. At sentencing, the Court

> found that Cintora-Gonzalez's base offense level for the drug offenses was 34 given the amount of drugs involved, that he served as the leader of the charged conspiracy, and that he maintained a premises for distributing drugs. With respect to the § 922(g) offense, the court found that he possessed 17 firearms. His corresponding guidelines range was 292 to 365 months' imprisonment for the drug offenses, the § 922(g) offense, and the counterfeiting offense. Count 4, the § 924(c) offense, carried a consecutive statutory mandatory minimum sentence of 60 months' imprisonment. The court sentenced him to a total sentence of 352 months, which resulted from a sentence at the low end of the guidelines range plus a mandatory 60 month term on Count 4.

United States v. Cintora-Gonzalez, 569 F. App'x 849, 851 (11th Cir. 2014) (per curiam).

Cintora-Gonzalez, still represented by Michaels, appealed, arguing that: (1) the Court erred by allowing testimony that Cintora-Gonzalez planned to kill someone who owed him money for drugs; (2) the Court erred by denying Cintora-Gonzalez any points for acceptance of responsibility when he admitted all the elements of each count and entered into trial stipulations and where his only argument concerned the amount of drugs; (3) the Court erred when it found Cintora-Gonzalez responsible for the guns found in the trunk of a co-defendant's car and increased his base offense level by four points pursuant to U.S.S.G. § 2K2.1(b)(1)(B); (4) the Court erred by relying solely on the agents' interpretation of wiretap calls to determine relevant conduct at sentencing and by not making specific individualized fact findings as to the amount of drugs; (5) the Court erred by applying a two-point enhancement for maintaining a premise for the purpose of manufacturing or distributing a controlled substance pursuant to U.S.S.G. § 2D1.1(b)(12); and (6) Cintora-Gonzalez's sentence was unreasonable. Br. of Appellant at 7-22, Cintora-Gonzalez, 569 F. App'x 849 (No. 13-13157-B), 2013 WL 5958826, at *7-22. On June 24, 2014, the Eleventh Circuit affirmed Cintora-Gonzalez's convictions and sentences. Cintora-Gonzalez, 596 F. App'x at 859.

On June 10, 2015, Cintora-Gonzalez timely submitted this pro se § 2255 motion, arguing that: (1) Michaels provided him ineffective assistance by failing to properly advise him regarding the sentencing benefits to pleading guilty versus going to trial and by advising him to take the drug quantity disagreement to trial, rather than procuring a favorable plea agreement that would have allowed him to dispute drug quantity "at an appropriate evidentiary hearing" and would have resulted in a lower sentence; (2) Michaels was also ineffective for failing to argue that the four-level enhancements he received under § 2K2.1(b)(1)(B) for possessing between eight and twenty-four guns and under U.S.S.G. § 3B1.1(a) for being an organizer/leader, as well as the drug quantity used to determine his base offense level under U.S.S.G. § 2D1.1(c)(3), were elements of the offense that, pursuant to Alleyne v. United States, 133 S. Ct. 2151 (2013), should have been found by a jury; and (3) his due process rights were violated when these sentencing guidelines determinations were not made by a jury. [Doc. 318-1 at 3-9]. The government responds that all of Cintora-Gonzalez's claims lack merit. [Doc. 323]. Cintora-Gonzalez replies, reasserting the merits of his grounds for relief. [Doc. 340].

The Magistrate Judge found that Cintora-Gonzalez could not show prejudice as to ground one because (1) he would not admit to the drug amount insisted upon by

the government in order to plead guilty, (2) the Court would not have granted him an acceptance of responsibility reduction had he pleaded guilty while still disputing the drug amount, and (3) his assertion that he would have received a lesser sentence had he pleaded guilty is pure speculation. [Doc. 345 at 8-11]. Regarding grounds two and three, the Magistrate Judge determined that there was no <u>Alleyne</u> error because (1) the jury's drug quantity finding as to Count One and guilty verdict on Count Four triggered the statutory maximum and minimum penalties, and (2) the Court's imposition of four-level enhancements under both § 2K2.1(b)(1)(B) and § 3B1.1(a) affected only Cintora-Gonzalez's guidelines calculation and not his statutory minimum or maximum. [<u>Id.</u> at 12-13]. Thus, the Magistrate Judge concluded, counsel's failure to raise these meritless claims did not constitute ineffective assistance. [<u>Id.</u> at 13].

Cintora-Gonzalez bases his objections on the erroneous assertion that the jury made no finding as to drug quantity. [Doc. 356]. In fact, the jury found that Count One involved at least 500 grams of methamphetamine and at least 5 kilograms of cocaine. [Doc. 176 at 1-2; Doc. 283 at 141]. After careful consideration, the Court finds that the Magistrate Judge's factual and legal conclusions were correct and that Cintora-Gonzalez's objections have no merit.

Accordingly, the Court **ADOPTS** the R&R [Doc. 345] as the opinion and order of the Court, **DENIES** this § 2255 motion [Doc. 318], and **DECLINES** to issue a certificate of appealability. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this __23__ day of December, 2015.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)