**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| NEMIAS CINTORA-GONZALEZ, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:12-CR-0078-ODE-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:16-CV-3219-ODE-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Nemias Cintora-Gonzalez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 390]. For the reasons that follow, the undersigned finds that this § 2255 motion is impermissibly successive and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## I.  PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a nine count indictment against Cintora-Gonzalez and five co-defendants, charging Cintora-Gonzalez in Count One with conspiracy to distribute at least 500 grams of methamphetamine and at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), and (b)(1)(A)(ii); in Count Two with possession with intent to distribute cocaine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Three with possession with intent to distribute methamphetamine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Four with possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and 2; in Count Six with possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2); and in Count Eight with possession of counterfeit federal reserve notes, in violation of 18 U.S.C. § 472. [Doc. 49].  Cintora-Gonzalez pleaded not guilty, [Doc. 76], and proceeded to a four-day jury trial, [Docs. 171-74, 280-83].  The jury found Cintora-Gonzalez guilty of all counts, [Doc. 176], and the Court imposed a total sentence of 352 months of imprisonment, [Doc. 241].  On June 24, 2014, the United States Court of Appeals for

the Eleventh Circuit affirmed Cintora-Gonzalez's convictions and sentence. <u>United States v. Cintora-Gonzalez</u>, 569 F. App'x 849, 859 (11th Cir. 2014) (per curiam).

On June 10, 2015, Cintora-Gonzalez timely submitted a <u>pro se</u> § 2255 motion, arguing that he received ineffective assistance of counsel and that his due process rights were violated. [Doc. 318]. On December 23, 2015, the Court denied Cintora-Gonzalez's § 2255 motion on the merits. [Doc. 357]. While Cintora-Gonzalez's first § 2255 motion was pending, he and the government jointly moved the Court for resentencing under United States Sentencing Guidelines Amendment 782. [Doc. 350]. The Court granted the joint motion on December 11, 2015, and reduced Cintora-Gonzalez's sentence to 295 months of imprisonment. [Doc. 353]. Cintora-Gonzalez submitted the instant § 2255 motion on August 22, 2016, arguing that United States Sentencing Guidelines Amendment 794, which became effective in November of 2015, entitles him to a minor role adjustment. [Doc. 390 at 3, 6, 8-10].

## II. DISCUSSION

"A second or successive [§ 2255] motion must be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate court of appeals" as containing certain qualifying claims. 28 U.S.C. § 2255(h). "Before a second or successive [motion] permitted by this section is filed in the district court, the applicant shall move

in the appropriate court of appeals for an order authorizing the district court to consider the [motion]." 28 U.S.C. § 2244(b)(3)(A); see also Rule 9, Rules Governing § 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). Without such authorization from the court of appeals, a district court lacks jurisdiction to consider a second or successive § 2255 motion. See Burton v. Stewart, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition . . . the District Court never had jurisdiction to consider it in the first place.").

As noted above, Cintora-Gonzalez filed a prior § 2255 motion that was denied on the merits. [Docs. 318, 357]. However, not all § 2255 motions filed subsequent to a prior § 2255 motion are impermissibly successive; rather, "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." Magwood v. Patterson, 561 U.S. 320, 332-33 (2010). Here, the Court resentenced Cintora-Gonzales pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to reduce a federal prisoner's term of imprisonment when his sentencing range is subsequently lowered by the Sentencing Commission. Section 3582 provides that even though a "sentence to imprisonment can subsequently be . . . modified pursuant to the provisions of

4

subsection (c) . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b). The Eleventh Circuit has held that "a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (citation omitted). "[A]ll original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. (citation omitted). As such, a sentence reduction under § 3582(c) does not constitute a new judgment for purposes of the provisions regarding second or successive § 2255 motions. See United States v. Jones, 796 F.3d 483, 486 (5th Cir. 2015) ("Jones has received a 'reduc[tion]' resulting in the 'modif[ication]' of an existing sentence, not a full resentencing. Just as his sentence reduction does not re-start AEDPA's one-year limitations clock . . . it also does not wipe clean the slate of habeas applications that he has previously filed."); White v. United States, 745 F.3d 834, 836-37 (7th Cir. 2014) ("Magwood does not reset the . . . count, for purposes of § 2244 and § 2255, when a prisoner's sentence is reduced as the result of a retroactive change to the Sentencing Guidelines. The district court properly dismissed White's latest [§ 2255] petition as . . . barred by the lack of prior appellate approval.").

Cintora-Gonzalez's second § 2255 motion is therefore successive, and this Court may consider it only if he has first obtained authorization from the Eleventh Circuit to file it. See 28 U.S.C. § 2255(h) & § 2244(b)(3)(A). There is no indication in the record that Cintora-Gonzalez has obtained such authorization. Accordingly, the Court lacks jurisdiction to consider this second § 2255 motion. See Smith v. United States, No. 5:16-cv-57, 2016 WL 4492826, at *2 (S.D. Ga. Aug. 25, 2016) (recommending dismissal as impermissibly successive § 2255 motion seeking sentence reduction based on Amendment 794).

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or,

for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Because the dismissal of Cintora-Gonzalez's § 2255 motion as impermissibly successive is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

### IV.  CONCLUSION

For the foregoing reasons,  **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 390], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 30th day of SEPTEMBER, 2016.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)